## Agnes COPELAND *v.* DANVERS CORPORATION

CA 79-232                              595 S.W. 2d 940

Court of Appeals of Arkansas
Opinion delivered February 13, 1980
Rehearing denied March 12, 1980
Petition for review denied March 24, 1980
Released for publication March 26, 1980

*Everett E. Harber,* for appellant.

*Reid, Burge & Prevallet,* for appellee.

DAVID NEWBERN, Judge. In this workers' compensation case, we find there was no substantial evidence to support the commission's determination that the claimant did not suffer an aggravation of a preexisting condition.

Agnes Copeland worked as a shoe crimper at the appellee's factory. She developed a bunion on the foot she used to press the pedal on the crimping machine. Surgery was performed to remove the bunion, and the surgery unfortunately left the great toe on her right foot in a cocked or clawlike condition. Her medical bills were partially paid by a group insurance hospitalization policy, and no workers' compensation benefits were paid in connection with the surgery.

From the time the appellant returned to her job after the

surgery (February, 1975) until the incident which is the subject of the claim before us (March 7, 1978), she worked regularly, although her toe remained in an unsatisfactory condition.

On March 7, 1978, the appellant fell over some boxes while working, and injured the same foot. The injured part was the same great toe which had been left deformed. Diagnoses by two physicians revealed fractures of and contusions to the toe, respectively. The appellant was paid workers' compensation benefits for some of her medical bills and temporary total disability for the period from March 8, 1978, to April 10, 1978.

The appellant has since undergone surgery which corrected the preexisting condition of her toe. She has not received compensation for that surgery or for the subsequent physical therapy she has taken. Her contention is she should receive such compensation because her injury on March 7, 1978, aggravated her preexisting condition, making the surgery and subsequent therapy necessary.

The evidence consisted, in part, of testimony by the appellant and her daughter that she is frequently in pain, both in her foot and in her back. The appellant considers herself unable to work at all. A personnel officer of the appellee also testified that the surgery performed to correct the deformity of the toe was said by the appellant to be unrelated to the March 7 injury. The appellant denied having said it, and this testimony is not mentioned in either the opinion of the commission or the brief of the appellee.

In his opinion, which was adopted by the full commission, the administrative law judge relied virtually exclusively on the medical testimony of a Dr. Lynch who treated the appellant. The doctor said:

> This entire condition is certainly not related to an on-the-job injury, but I feel her symptoms will be more persistent and more long lasting than would ordinarily be the case until the toe is corrected.

Although there may be a fine distinction between saying an injury aggravates a preexisting condition and is thus compensable, on the one hand, and saying, on the other hand, a preexisting condition exacerbates a present injury, we cannot see it. Nor are we willing to give weight to the bare conclusion of the physician that the appellant's condition was not related to an on-the-job injury. We suspect he meant to say her undisputedly compensable injury of March 7, 1978, was not responsible for her preexisting condition. He was thus merely stating the obvious when he said her "entire condition" was not caused by the March 7 incident.

We must affirm the commission if we find its decision supported by any substantial evidence. *American Can Co.* v. *McConnell*, 266 Ark. 741, 587 S.W.2d 583 (Ark. App. 1979); *Dillaha Fruit Co.* v. *LaTourette*, 262 Ark. 434, 557 S.W. 2d 397 (1977). We find the testimony of the doctor which was emphasized by the commission is not substantial evidence in support of its decision. Neither the opinion of the commission nor the appellee's brief calls to our attention any other evidence in support of the commission's finding, and we have found none in our own review of the record.

Reversed and remanded.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. The majority has conjectured as to what Dr. Lynch "meant to say". As an appellate court we are not allowed to go outside the record and speculate as to what a witness intended by his words. This is a determination for the fact finder.

The credibility of a witness is a matter to be assessed by the fact finder — the Workers' Compensation Commission. *Dena Construction Company* v. *Herndon,* 264 Ark. 791, 575 S.W. 2d 155 (1979); *Mass Merchandise Inc.* v. *Harp,* 259 Ark. 830, 536 S.W. 2d 729 (1976); *May* v. *Crompton-Arkansas Mills Inc.,* 253 Ark. 1080, 490 S.W. 2d 794 (1973).

The Workers' Compensation Commission decided in a *unanimous* opinion the surgery required for claimant's toe was in no way necessitated by a job related injury. "To find that the March 7, 1978 incident aggravated this condition would be mere speculation and such finding is not warranted from

the medical evidence."

For the above reason I respectfully dissent.